UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81069-CV-GAYLES
MAGISTRATE JUDGE REID

MALIIK N. HYLTON,

    Plaintiff,

v.

DEPUTY EUBANKS, et al.,

    Defendants

                       /

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

Plaintiff, Maliik N. Hylton, filed a *pro se* "Complaint for Violation of Civil Rights" ("Complaint") pursuant to 42 U.S.C. § 1983, [ECF No. 1], alleging that Defendants Corrections Deputy Eubanks ("Deputy Eubanks"), unnamed "Correctional Officers Working West Tower" ("Correctional Officers"), unnamed Transport Deputy, and Inmate Terrence Jones ("Jones") violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution while Plaintiff was detained at the Sherriff's Office West Detention Center. As Plaintiff was a pre-trial detainee at the time of the incident, his claims fall under the protection of the Fourteenth Amendment, which offers claimants at least as much protection as the Eighth Amendment. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Administrative Order 2019-2. [ECF No. 4]. Because Plaintiff is incarcerated, he is therefore subject to screening under 28 U.S.C. § 1915(e)(2), which does not

distinguish between plaintiffs who are proceeding *in forma pauperis* ("IFP") and plaintiffs who are not proceeding IFP. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Accordingly, as discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1]:

1. **PROCEED** against Deputy Eubanks, in his individual capacity, as Plaintiff has stated a plausible claim against this Defendant for deliberate indifference to a substantial risk of harm;

2. be **DISMISSED** against Deputy Eubanks in his official capacity due to Plaintiff's failure to state a claim;

3. be **DISMISSED** against the unnamed Correctional Officers due to Plaintiff's failure to state a claim;

4. be **DISMISSED** against the unnamed Transport Deputy due to Plaintiff's failure to state a claim;

5. be **DISMISSED** against Jones due to Plaintiff's failure to state a claim.

## II.     Plaintiff's Factual Allegations

Construing the *pro se* Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Plaintiff alleges that on August 28, 2020, between 8:30 a.m. and 8:45 a.m., Jones, a fellow detainee in the Palm Beach Sherriff's Office isolation ward, assaulted Plaintiff while he slept. [ECF No. 1, p. 5]. Plaintiff alleges that at the time of the incident. Jones was supposed to be detained "by self." [ECF No. 1, p. 5]. Plaintiff further alleges that at the time of the incident, Plaintiff was also in isolation due to his "protective custody status." [ECF No. 1, p. 5]. According to the Complaint, despite both parties being in isolation, Jones, who is 6' 2" and 260 pounds, was able to attack Plaintiff, who is 5' 8" and 160 pounds. [ECF No., p.5]. Specifically, Jones allegedly

knocked Plaintiff unconscious by dragging him by his hair, "slamming [him] to the ground," and punching and stomping on him. [ECF No. 1, p. 5]. Plaintiff states that as a result of Jones's attack, Plaintiff's "face was a bloody mess," and there was "blood all over [his] cell." [ECF No. 1, p. 5]. Plaintiff also suffered cracked ribs, a fractured nose, "lacerations to face," "a lip split open severely requiring medical glue," and "damaged fingers and knees." [ECF No. 1, p. 5].

Plaintiff alleges that Jones was able to attack him only because Deputy Eubanks opened all the cell doors in the wing simultaneously and did not secure each inmate with handcuffs, in violation of the prison's safety protocols for the maximum security lockdown wing. *See* [ECF No. 1, p. 4]. Plaintiff further alleges that after the attack began, Deputy Eubanks did not attempt to stop the assault or call for medical care for Plaintiff's injuries. [ECF No. 1, p. 4]. Finally, Plaintiff alleges deliberate indifference by the Transport Deputy and various Correctional Officers, [ECF No. 1, p. 3]; however, Plaintiff does not allege any facts regarding their specific action or inaction during the assault. [ECF No. 1].

The day after the attack, Plaintiff filed a grievance requesting Deputy Eubanks's suspension and monetary damages. [ECF No. 1, p. 7]. Plaintiff states that he received no response. [ECF No. 1, p. 7, 12]. Plaintiff also states that he was removed from protective custody status and was later "beaten by police guards." [ECF No. 1, p. 7].

Plaintiff seeks $750,000 in actual damages for his injuries and "loss due to injur[ies]," $1,000,000 in punitive damages for Defendants' "recklessness, malice, horrible work ethic, disregard and [sic] uncaring for human life, [and] abandonment. . ." and $750,000 in "special damages" for health care, including "mental health, psychiatric care, psychological care[,] and visits and counseling." [ECF No. 1, p. 5].

3

### III.     Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam)). Although a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555).

Finally, under § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

## IV.   Discussion

A.   <u>Deputy Eubanks</u>

　　1)   *Individual Capacity*

Prison officials have a duty to protect prison inmates from harm from other inmates. *Purcell ex rel. Estate of Morgan v. Toombs County, GA*, 400 F.3d 1313, 1319 (11th Cir. 2005). To successfully allege a claim of deliberate indifference, however, a plaintiff must show that (1) the plaintiff faced a substantial risk of serious harm, (2) the defendant(s) were deliberately indifferent to that risk, and (3) the defendant's deliberate indifference caused the plaintiff's injuries. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016) (citing *Caldwell v. Warden FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014)).

For the first element, substantial risk of serious harm, a plaintiff can establish risk by showing an individual and personal risk of harm or an environmental risk due to the prison conditions. *Washington v. Taylor*, No. 5:19-cv-00178-TES, 2020 WL 4760143, at *5 (M.D. Ga. Aug. 17, 2020); *see Farmer v. Brennan*, 511 U.S. 825, 843 (1994) ("[I]t does not matter whether. . . a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."). Substantial risk requires a "strong likelihood" of harm, rather than a "mere possibility." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (quotation omitted)).

To establish the second element, deliberate indifference, a plaintiff must demonstrate that (1) the defendant was subjectively aware of the risk and (2) the defendant failed to respond in an objectively reasonable manner. *See Bowen*, 826 F.3d at 1320 (citing *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013)). To satisfy the first prong of deliberate indifference, a plaintiff must show both that the defendant was aware of facts from which a substantial risk of

5

harm can be inferred and that the defendant made that inference. *Goodman*, 718 F.3d at 1331–32; *see also Hale v. Tallapoosa County,* 50 F.3d 1579, 1583 (11th Cir. 1995) (citing *Farmer*, 511 U.S. at 847). Subjective awareness requires that the defendant have actual knowledge of the facts; constructive knowledge is insufficient. *Estate of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 768 (11th Cir. 2016). However, subjective awareness of the risk can be inferred from circumstantial evidence. *See Bowen*, 826 F.3d at 1320 ("The trier of fact may, therefore 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"). Subjective awareness of the risk can be established by demonstrating that the plaintiff belonged to "an identifiable group of prisoners who are frequently singled out for violent attack by other inmates." *See Farmer*, 511 U.S. at 843. Also, to show that the defendant did not respond to the risk in an objectively reasonable manner, a plaintiff must demonstrate that the defendant knew how to reduce the risk and yet knowingly or recklessly declined to act. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

      a.     Plaintiff's Substantial Risk of Harm

Here, Plaintiff states facts sufficient to infer that he faced a substantial risk of serious harm. Specifically, Plaintiff states that he was in protective custody. [ECF No. 1, p. 5]. Plaintiff also alleged that Jones was "violent" and designated as a detainee to be held alone. [ECF No. 1, p. 5, 12]. The nature of protective custody can imply that those in protective custody face a strong likelihood of violence from either specific threats or a generalized risk of harm. *See Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (noting that plaintiff did not request protective custody when deciding that defendants were not subjectively aware of a substantial risk to plaintiff). Although Plaintiff does not allege that Jones made any specific threats against Plaintiff, it can reasonably be inferred that Plaintiff faced a substantial risk of violence based on his detention

status. *See* [ECF No. 1]; *Hale*, 50 F.3d at 1584 (*quoting Farmer*, 511 U.S. at 846) ("[A] claimant's failure to give advance notice [of an attack] is not dispositive.").

Thus, Plaintiff has sufficiently alleged that he was subjected to a substantial risk of harm due to his protective custody status.

      b.      Deliberate Indifference to Plaintiff's Risk of Harm

Plaintiff has sufficiently pleaded that Deputy Eubanks had subjective awareness of the substantial risk of serious harm to Plaintiff. At this stage, Plaintiff only needs to allege that Deputy Eubanks was aware of at least a "generalized, substantial risk of serious harm from inmate violence." *See id.* at 1583 (citing *Farmer*, 511 U.S. at 848 (1994) ("[A]n official may not escape liability merely by showing that he did not know the claimant was likely to be assaulted or that an assault would be committed by the specific prisoner who eventually committed the assault.")). Plaintiff and Jones's detention statuses, in addition to their housing in the lockdown wing, provided Deputy Eubanks notice of the risk of harm to Plaintiff. *See Berrian v. Oubre*, No. 5:13-cv-163 (MTT)(CHW), 2014 WL 2465508, at *5 (M.D. Ga. May 6, 2014) (holding that plaintiff's allegations that defendant knew of the general risk of violence in plaintiff's dorm and plaintiff's request to be placed in protective custody were sufficient to show defendant's subjective awareness of risk); *Bowen*, 826 F.3d at 1322–23 (reasoning that plaintiff's allegation that defendant knew that the decedent's attacker had been moved to "the lock-down segregation unit for disciplinary, protected custody and mental health individuals" demonstrated a specific risk of harm to decedent).

Further, Plaintiff alleges that Deputy Eubanks violated prison policy by opening the cell gates in the isolation wing and releasing Jones without handcuffs. *See* [ECF No. 1, p. 4]. While failure to follow established protocol alone is not enough to meet the standard for deliberate

indifference, failure to follow protocol may become deliberate indifference once the defendant's subjective awareness is established. *See Losey v. Warden*, 521 F. App'x 717, 720 (11th Cir. 2013) ("It would be a different situation if the policy that the Correctional Officers failed to follow put them on notice that their actions would create a substantial risk of serious harm to inmates. . . .").

Here, Plaintiff and Jones were not supposed to have access to each other. *See* [ECF No. 1, p. 5]. Their detainment statuses, while obvious, provided notice of a specific risk to Plaintiff. *See Bowen*, 826 F.3d at 1322. While Plaintiff makes no allegations about the purpose of the prison policies Deputy Eubanks allegedly violated, *see* [ECF No. 1], it is reasonable to infer that an objective of those policies was to ensure inmate and staff safety. Thus, it is equally reasonable to infer that opening all of the cell doors without first restraining the inmates as required by prison policy, [ECF No. 1, p. 4], would create an increased likelihood of danger to inmates and staff. Thus, Deputy Eubanks's failure to follow protocol would appear to exceed mere negligence due to his awareness of the risk to Plaintiff.

    c.    Causation

Finally, Plaintiff has stated sufficient facts to show causation between Deputy Eubanks's deliberate indifference and Plaintiff's injury. Plaintiff was in protective custody and Jones was to be isolated. *See* [ECF No. 1, p. 5]. But for Deputy Eubanks's violation of protocol, Jones likely would not have had access to Plaintiff at all, let alone while Plaintiff was sleeping and especially vulnerable. Thus, Plaintiff has stated facts sufficient to show causation between Deputy Eubanks' actions and Plaintiff's injury.

Based on the foregoing, this Court finds that Plaintiff has sufficiently pleaded a claim for deliberate indifference.

    2.    *Official Capacity*

To state a plausible claim against an actor in an official capacity, a plaintiff must show that there is either an official policy or an unofficial custom or practice that caused a constitutional violation. *See Walker v. City of Calhoun*, 901 F.3d 1245, 1255 (11th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).

Plaintiff has not pleaded sufficient facts to show either an unofficial custom or official policy in place at the West Detention Center resulting in Plaintiff's injuries. According to the Complaint, Deputy Eubanks's actions were actually in violation of established protocols. [ECF No. 1, p. 4]. Therefore, Plaintiff has not stated any factual allegations that would support the conclusion that Deputy Eubanks' was acting in his official capacity when engaging in deliberate indifference.

B.    <u>Unnamed Defendants Transport Deputy and Correctional Officers</u>

Plaintiff has not pleaded sufficient facts to bring a claim of deliberate indifference against the unnamed Defendants. Neither Plaintiff's complaint nor attached grievance provides any factual allegations describing how the unnamed Defendants contributed to Plaintiff's harm. *See* [ECF No. 1]. Plaintiff lists Defendant Transport Deputy as only a witness to the assault and notes that other witnesses will be listed when their names are provided. Without more, Plaintiff has not sufficiently pleaded a claim of deliberate indifference against unnamed Defendants Transport Deputy and Correctional Officers.

C.    <u>Terrance Jones</u>

Under 42 U.S.C. § 1983, claims cannot be brought against private actors, unless they are acting "under color of state law." 42 U.S.C. § 1983. A private entity acts "under color of state law" when it is (1) "perform[ing] a function that is traditionally exclusive of the state; (2) the

9

government has coerced [d]efendants or at least encouraged any unconstitutional acts; and (3) the state and [d]efendants are in such a position of interdependence that [d]efendants alleged conduct constituted a joint action." *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

Plaintiff has not stated a claim for which relief can be granted against Jones. He has not provided any factual allegations that demonstrate how Jones, a private actor, acted under color of state law. *See* [ECF No. 1]. Therefore, Plaintiff's Complaint does not sufficiently allege claims against Jones upon which the Court can provide relief.

## V.   Damages Claim

Plaintiff is seeking compensatory, punitive, and "special" damages against all Defendants. [ECF No. 1, p. 5]. The only claim that survived review is the deliberate indifference claim against Deputy Eubanks, in his individual capacity, thus the Court evaluates Plaintiff's request for damages under that claim alone. Under § 1983, punitive damages may be awarded when a defendant's conduct is motivated by "evil motive or intent" or shows "reckless or callous indifference" to a plaintiff's federally-protected rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983). It cannot be determined at this stage whether punitive damages should be awarded against Deputy Eubanks. Therefore, the punitive damages claim should proceed.

## VI.   Conclusion

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] **PROCEED** against Deputy Eubanks only, in his individual capacity, for deliberate indifference to a serious risk of harm in violation of the Plaintiff's rights under the Fourteenth Amendment.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the

factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 4th day of August, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Darrin P. Gayles**; and

**Maliik N. Hylton**
0504884
West Detention Center
Inmate Mail/Parcels
P.O. Box 1450
Belle Glade, FL 33430
PRO SE