UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81069-CV-GAYLES/REID

MALIIK N. HYLTON,

    Plaintiff,

v.

DEPUTY EUBANKS, et al.,

    Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This matter is before the Court on Plaintiff's *pro se* Amended Complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 12]. This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 4].

Plaintiff was previously granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e). *See Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and nonprisoners alike"). Accordingly, for the reasons set forth below, the Undersigned recommends that this matter **PROCEED**, in part, against Deputy Eubanks and the unnamed Transport Deputy and Corrections Deputy, in their individual capacity.

## II.   Factual Allegations in Plaintiff's Amended Complaint [ECF No. 12]

Construing the *pro se* amended complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Plaintiff alleges that on August 28, 2020, between 8:00 a.m. and 9:00 a.m., Terrence Jones ("Jones") a fellow detainee at the Palm Beach County Sheriff's Office - Main Detention Center ("Main Detention Center"), assaulted Plaintiff while he slept. [ECF No. 12 at 5]. Plaintiff alleges that the incident occurred during "B-Shift" in the Main Detention Center's "special management housing unit," where Plaintiff and Jones were detained in isolation: Plaintiff in "protective custody" and Jones in "disciplinary confinement." [*Id.* at 4, 7]. Plaintiff further alleges that the incident occurred "during a transport shipment of inmates" from the Main Detention Center to the Palm Beach County Sheriff's Office - West Detention Center ("West Detention Center"). [*Id.* at 7].

According to the Amended Complaint, despite both parties being in isolation, Jones was able to attack Plaintiff. [*Id.*]. Specifically, Jones allegedly dragged Plaintiff out of bed by his hair, "body slamm[ing] [him] to the ground," and "punching and kicking [him] in the face and rib area." [*Id.* at 5]. Jones also allegedly "threaten[ed] to rape" Plaintiff. [*Id.* at 7]. Plaintiff states that as a result of Jones' attack, he "sustained cuts and gashes to [his] face," fractured ribs and nose, and "[his] lip was busted so sever[e]ly that . . . the doctor applied medical glue so that the laceration of [his] lip could heal correctly." [*Id.*].

Plaintiff alleges that Jones was able to attack him because Deputy Eubanks, the unnamed Transport Deputy and Corrections Deputy "working the control tower of West 1-B" ("Corrections Deputy") were "careless and reckless." [*Id.*]. According to the Amended Complaint, Deputy Eubanks and the unnamed Transport Deputy failed to secure each inmate with restraints as is the "proper procedure when removing inmates from confinement cells." [*Id.*]. Plaintiff contends that

Deputy Eubanks then "open[ed] a secure emergency latch and . . . pull[ed] an emergency lever that simultaneously opened all cell doors" in violation of the lockdown unit's protocols and procedures. [*Id.*]. Plaintiff further contends that after the attack began, Deputy Eubanks, the unnamed Transport Deputy, and unnamed Corrections Deputy did not attempt to intervene, call for backup or provide medical care for Plaintiff's injuries. [*Id.*].

After the attack, Plaintiff states that he was transferred to "Belle Glade Detention Center," where he filed a grievance alleging that he was attacked by Jones due to the "carelessness" of Deputy Eubanks and thus should be compensated. [*Id.* at 8]. Plaintiff states that he received no response. [*Id.*].

Plaintiff seeks $750,000 in actual damages "due to [the] severity of injur[ies]," $1,000,000 in punitive damages for Defendants' "terrible work ethic, total disregard for [his] life as well as others" and to "ensure this never happens again," and $750,000 in "special" damages for "[his] mental health" including "the need for psychiatric care and visits to counseling." [*Id.* at 5].

### III.   Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"To avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 470 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Finally, under § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

### IV. Discussion

A.  <u>Deputy Eubanks</u>

    1)  *Individual Capacity*

As set forth in the previous Report and Recommendation [ECF No. 6 at 5–8], this Court found that Plaintiff sufficiently pleaded a plausible claim for deliberate indifference against Deputy Eubanks. The District Court affirmed and adopted the Report [ECF No. 8] and allowed Plaintiff's Complaint against Deputy Eubanks, in his individual capacity, to proceed.

    2)    *Official Capacity*

As set forth in the previous Report and Recommendation [ECF No. 6 at 9], a plaintiff must show that there is either an official policy or an unofficial custom or practice that caused a constitutional violation. *See Walker v. City of Calhoun*, 901 F.3d 1245, 1255 (11th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).

Plaintiff has not pleaded sufficient facts to show either an unofficial custom or official policy in place at the Main Detention Center resulting in Plaintiff's injuries. According to the Amended Complaint, Deputy Eubanks's actions were actually in violation of established protocols and procedures. [ECF No. 12 at 4]. Therefore, Plaintiff has failed to state any factual allegations that would support the conclusion that Deputy Eubanks was acting in his official capacity when engaging in deliberate indifference. [*Id.*].

    B.    <u>Unnamed Defendants Transport Deputy and Corrections Officer</u>

    1) *Fictitious Party Pleading*

Although plaintiffs are permitted to use fictitious names in their complaints, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391 (1971), fictitious-party pleading is not generally permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, the Eleventh Circuit has created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the worst, surplusage." *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). What this means as a practical matter is that a plaintiff may proceed against an unnamed or fictitious defendant only where discovery will likely uncover that defendant's identity, or when the plaintiff's description of the defendant is "sufficiently clear to allow service of process." *Dean*, 951 F.2d at 1215–16 (holding that the district court abused its discretion in denying a pro se plaintiff's motion to add as

a defendant the "Chief Deputy of the Jefferson County Jail John Doe" because the description enabled service of process); *Richardson*, 598 F.3d at 738 (holding that the case did not fall within Dean's "limited exception" to the rule against fictitious-party pleading because the description of the Doe defendant was insufficient to enable service). In *Moulds v. Bullard*, the plaintiff, a state prisoner, proceeded *pro se* against various John Doe correctional officers. 345 Fed. App'x. 387, 390 (11th Cir. 2009). The district court dismissed the plaintiff's claims against the unnamed defendants, concluding that "fictitious-party practice is unauthorized in this Circuit," and the plaintiff appealed. *Id.* The Eleventh Circuit affirmed, holding that while *pro se* plaintiffs may sue John Doe defendants under certain circumstances, the district court's dismissal of the John Doe officers was not an abuse of discretion, because the plaintiff failed to describe some officers and provided "general descriptions" of others. *Id.* The *Moulds* court further concluded plaintiff failed to timely request any discovery that would have allowed him to learn their names and serve process on them. *Id.*

Here, Plaintiff has provided sufficient identification information for the unnamed Defendants to allow service of process. Plaintiff provides the specific job title of two individuals working in a specific part of the jail during a specific day and time span. *See* [ECF No. 12]. Specifically, the Transport Deputy and Corrections Deputy working in either the Main Detention Center's "special management housing unit" or "the control tower of West 1-B," during "B-Shift," between 8:00 a.m. and 9:00 a.m. [ECF No. 12 at 5,7]. Because the identity of the unnamed Transport Deputy and Corrections Deputy could be ascertained through discovery, Plaintiff has not pleaded a fictitious party and should be permitted to proceed against Defendant Doe at this time. *See Bowens*, 557 F. App'x at 862 (noting that a pro se plaintiff who was "encumbered by

incarceration" could maintain a claim against an unnamed defendant "where allegations in the complaint make clear the plaintiff could uncover the names through discovery").

2) *Individual Capacity*

Prison officials have a duty to protect prison inmates from harm from other inmates. *Purcell ex rel. Estate of Morgan v. Toombs County, GA*, 400 F.3d 1313, 1319 (11th Cir. 2005). To successfully allege a claim of deliberate indifference, however, a plaintiff must show that (1) the plaintiff faced a substantial risk of serious harm, (2) the defendant(s) were deliberately indifferent to that risk, and (3) the defendant's deliberate indifference caused the plaintiff's injuries. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016) (citing *Caldwell v. Warden FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014)).

For the first element, substantial risk of serious harm, a plaintiff can establish risk by showing an individual and personal risk of harm or an environmental risk due to the prison conditions. *Washington v. Taylor*, No. 5:19-cv-00178-TES, 2020 WL 4760143, at *5 (M.D. Ga. Aug. 17, 2020); *see Farmer v. Brennan*, 511 U.S. 825, 843 (1994) ("[I]t does not matter whether. . . a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."). Substantial risk requires a "strong likelihood" of harm, rather than a "mere possibility." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015) (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (quotation omitted)).

To establish the second element, deliberate indifference, a plaintiff must demonstrate that (1) the defendant was subjectively aware of the risk and (2) the defendant failed to respond in an objectively reasonable manner. *See Bowen*, 826 F.3d at 1320 (citing *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013)). To satisfy the first prong of deliberate indifference, a plaintiff must show both that the defendant was aware of facts from which a substantial risk of

harm can be inferred and that the defendant made that inference. *Goodman*, 718 F.3d at 1331–32; *see also Hale v. Tallapoosa County,* 50 F.3d 1579, 1583 (11th Cir. 1995) (citing *Farmer*, 511 U.S. at 847). Subjective awareness requires that the defendant have actual knowledge of the facts; constructive knowledge is insufficient. *Estate of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 768 (11th Cir. 2016). However, subjective awareness of the risk can be inferred from circumstantial evidence. *See Bowen*, 826 F.3d at 1320 ("The trier of fact may, therefore 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'"). Subjective awareness of the risk can be established by demonstrating that the plaintiff belonged to "an identifiable group of prisoners who are frequently singled out for violent attack by other inmates." *See Farmer*, 511 U.S. at 843. Also, to show that the defendant did not respond to the risk in an objectively reasonable manner, a plaintiff must demonstrate that the defendant knew how to reduce the risk and yet knowingly or recklessly declined to act. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

    a. Plaintiff's Substantial Risk of Harm

Here, Plaintiff states facts sufficient to infer that he faced a substantial risk of serious harm. Specifically, Plaintiff states that he was in protective custody. [ECF No. 12 at 7]. Plaintiff also alleged that Jones was in "disciplinary confinement." [*Id.*]. The nature of protective custody can imply that those in protective custody face a strong likelihood of violence from either specific threats or a generalized risk of harm. *See Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (noting that plaintiff did not request protective custody when deciding that defendants were not subjectively aware of a substantial risk to plaintiff). Although Plaintiff does not allege that Jones made any specific threats against Plaintiff, it can reasonably be inferred that Plaintiff faced a substantial risk of violence based on his detention status. *See* [ECF No. 12]; *Hale*, 50 F.3d at 1584

(*quoting Farmer*, 511 U.S. at 846) ("[A] claimant's failure to give advance notice [of an attack] is not dispositive.").

Thus, Plaintiff has sufficiently alleged that he was subjected to a substantial risk of harm due to his protective custody status.

    b. Deliberate Indifference to Plaintiff's Risk of Harm

Plaintiff has sufficiently pleaded that the unnamed Transport Deputy and Corrections Deputy had subjective awareness of the substantial risk of serious harm to Plaintiff. At this stage, Plaintiff only needs to allege that the unnamed Transport Deputy and Corrections Deputy were aware of at least a "generalized, substantial risk of serious harm from inmate violence." *See id.* at 1583 (citing *Farmer*, 511 U.S. at 848 (1994) ("[A]n official may not escape liability merely by showing that he did not know the claimant was likely to be assaulted or that an assault would be committed by the specific prisoner who eventually committed the assault.")). Plaintiff and Jones' detention statuses, in addition to their housing in the lockdown wing, provided the unnamed Transport Deputy and Corrections Deputy notice of the risk of harm to Plaintiff. *See Berrian v. Oubre*, No. 5:13-cv-163 (MTT)(CHW), 2014 WL 2465508, at *5 (M.D. Ga. May 6, 2014) (holding that plaintiff's allegations that defendant knew of the general risk of violence in plaintiff's dorm and plaintiff's request to be placed in protective custody were sufficient to show defendant's subjective awareness of risk); *Bowen*, 826 F.3d at 1322–23 (reasoning that plaintiff's allegation that defendant knew that the decedent's attacker had been moved to "the lock-down segregation unit for disciplinary, protected custody and mental health individuals" demonstrated a specific risk of harm to decedent).

Further, Plaintiff alleges that unnamed Transport Deputy and Corrections Deputy violated protocols and procedures for the lockdown unit. *See* [ECF No. 12 at 4]. While failure to follow

established protocol alone is not enough to meet the standard for deliberate indifference, failure to follow protocol may become deliberate indifference once the defendant's subjective awareness is established. *See Losey v. Warden*, 521 F. App'x 717, 720 (11th Cir. 2013) ("It would be a different situation if the policy that the Correctional Officers failed to follow put them on notice that their actions would create a substantial risk of serious harm to inmates . . ."). Here, Plaintiff and Jones were not supposed to have access to each other. *See* [ECF No. 12 at 5]. Their detainment statuses, while obvious, provided notice of a specific risk to Plaintiff. *See Bowen*, 826 F.3d at 1322. While Plaintiff makes no allegations about the purpose of the prison policies the unnamed Transport Deputy and Corrections Deputy allegedly violated, *see* [ECF No. 12], it is reasonable to infer that an objective of those policies was to ensure inmate and staff safety. Thus, it is equally reasonable to infer that failing to intervene, [ECF No. 12 at 5, 7], would create an increased likelihood of danger to inmates and staff. Thus, unnamed Transport Deputy and Corrections Deputy's failure to follow protocol would appear to exceed mere negligence due to his awareness of the risk to Plaintiff.

  c. Causation

  Finally, Plaintiff has stated sufficient facts to show causation between the unnamed Transport Deputy and Corrections Deputy's deliberate indifference and Plaintiff's injury. Plaintiff was in protective custody and Jones was in disciplinary confinement. *See* [ECF No. 12 at 7]. But for their violation of protocol, Jones likely would not have had access to Plaintiff at all, let alone while Plaintiff was sleeping and especially vulnerable. Thus, Plaintiff has stated facts sufficient to show causation between the unnamed Transport Deputy and Corrections Deputy's and Plaintiff's injury.

Based on the foregoing, this Court finds that Plaintiff has sufficiently pleaded a claim for deliberate indifference.

3) *Official Capacity*

To state a plausible claim against an actor in an official capacity, a plaintiff must show that there is either an official policy or an unofficial custom or practice that caused a constitutional violation. *See Walker v. City of Calhoun*, 901 F.3d 1245, 1255 (11th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)).

Plaintiff has not pleaded sufficient facts to show either an unofficial custom or official policy in place at the Main Detention Center resulting in Plaintiff's injuries. According to the Amended Complaint, the unnamed Corrections Deputy and Transport Deputy's actions were actually in violation of established protocols. [ECF No. 12 at 7]. Therefore, Plaintiff has not stated any factual allegations that would support the conclusion that the unnamed Corrections Deputy and Transport Deputy were acting in their official capacity when engaging in deliberate indifference.

C.   Terrence Jones

As set forth in the previous Report and Recommendations [ECF 6 at 9–10], this Court found that Plaintiff failed to state a claim for which relief can be granted against Jones. Plaintiff has not provided any factual allegations that demonstrate how Jones, a private actor, acted under color of state law. *See* [ECF No. 12]. The District Court affirmed and adopted the Report [ECF No. 8] and dismissed Plaintiff's claim against Jones.

V.   **Damages Claim**

Plaintiff is seeking compensatory, punitive, and "special" damages against all Defendants.

[ECF No. 12 at 5]. The only claim that survived review is the deliberate indifference claim against Deputy Eubanks and the unnamed Transport and Corrections Deputy, in their individual capacity, thus the Court evaluates Plaintiff's request for damages under those claims alone. Under § 1983, punitive damages may be awarded when a defendant's conduct is motivated by "evil motive or intent" or shows "reckless or callous indifference" to a plaintiff's federally protected rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983). It cannot be determined at this stage whether punitive damages should be awarded against Deputy Eubanks. Therefore, the punitive damages claim should proceed.

## VI.  Recommendation

Accordingly, it is **RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 12] **PROCEED IN PART** as follows:

1. **PROCEED** against Deputy Eubanks, in his individual capacity, as Plaintiff has stated a plausible claim against this Defendant for deliberate indifference to a substantial risk of harm;

2. be **DISMISSED** against Deputy Eubanks in his official capacity due to Plaintiff's failure to state a claim;

3. **PROCEED** against the unnamed Transport Deputy and Corrections Deputy, in their individual capacity, as Plaintiff has stated a plausible claim against Defendants for deliberate indifference to a substantial risk of harm;

4. be **DISMISSED** against the unnamed Corrections Deputy and Transport Deputy in their official capacity due to Plaintiff's failure to state a claim;

5. be **DISMISSED** against Jones due to Plaintiff's failure to state a claim.

Objections to this Report may be filed with the District Judge within **fourteen (14) days** of receipt of a copy of the Report. Failure to do so will bar a de novo determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DONE AND ORDERED** at Miami, Florida this 27th day of April 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Darrin P. Gayles**; and
**All Counsel of Record via CM/ECF**